DUUS, ADMINISTRATOR OF PETERSON, *v.*
BROWN, TREASURER OF THE STATE OF IOWA.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 85.. Argued November 23, 1917.—Decided December 10, 1917.

A naturalized citizen of the United States, residing in Iowa, died there
intestate, leaving property which passed under its laws to collaterals,
some of whom were naturalized citizens residing in other States of
the Union, and others natives and subjects of Sweden, residing there.
Under the Iowa law, the inheritance taxes upon the portion of the
estate accruing to the nonresidents were higher in rate than those
upon the portions accruing to the residents. *Held,* following *Petersen*
v. *Iowa, ante,* 170, that such discrimination was not violative of either
Article VI, or Article II (the favored nation clause), of the treaty
with Sweden of April 3, 1783, 8 Stat. 60, renewed and revived by later
treaties.

168 Iowa, 511, affirmed.

THE case is stated in the opinion.

*Mr. Nelson Miller,* with whom *Mr. G. T. Struble* was
on the brief, for plaintiff in error.

*Mr. Freeman C. Davidson,* with whom *Mr. H. M.
Havner,* Attorney General of the State of Iowa, and *Mr.
C. A. Robbins,* Assistant Attorney General of the State
of Iowa, were on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

John Peterson, a native of Sweden, but a naturalized
citizen of the United States and a resident of Iowa, there
died unmarried and intestate. His property in the State
passed under the laws of Iowa to his heirs who were his

nephews and nieces or their representatives, some of whom were naturalized citizens of the United States residing in States other than Iowa and the remainder were natives and citizens of the Kingdom of Sweden and there resided. The property in Iowa was administered under the laws of that State and the administrator paid upon the portion of the estate accruing to the nonresident alien heirs the death duties provided by the law of Iowa which were higher than those provided by that law upon the portion accruing to the resident heirs. (§ 1467, 1907 Supplement to the Code of Iowa.) This controversy arose from a contest over the right of the State to make that charge and the duty of the administrator to pay it, the contention being that the duties in so far as they discriminated against the nonresident alien heirs were void because in conflict with a treaty between the United States and the King of Sweden (Treaty of April 3, 1783, 8 Stat. 60, renewed by Article 12 of the Treaty of September 4, 1816, 8 Stat. 232, and revived by Article XVII of the Treaty of July 4, 1827, 8 Stat. 346). The case is here to review the judgment of the court below holding that contention to be unsound. 168 Iowa, 511.

Two clauses of the treaty are relied upon: Article VI, which it is asserted directly prohibited the discriminating charge, and Article II, which by the favored nation clause accomplished a like result. Article VI is in the margin,[1]

---

[1] "Article VI. The subjects of the contracting parties in the respective states, may freely dispose of their goods and effects either by testament, donation or otherwise, in favour of such persons as they think proper; and their heirs in whatever place they shall reside, shall receive the succession even *ab intestato*, either in person or by their attorney, without having occasion to take out letters of naturalization. These inheritances, as well as the capitals and effects, which the subjects of the two parties, in changing their dwelling, shall be desirous of removing from the place of their abode, shall be exempted from all duty called '*droit de detraction*,' on the part of the government of the two states respectively. But it is at the same time agreed, that nothing

and from its text it plainly appears that it embraces only citizens or subjects of Sweden and their property in Iowa and therefore as we have just pointed out in *Petersen* v. *Iowa, ante,* 170, has no relation whatever to the right of the State to deal by death duties with its own citizens and their property within the State. And from the same case it also appears that the favored nation clause has also no application, since that clause in the treaty relied upon, as was the case in the Treaty with Denmark which came under consideration in the previous case, is applicable only "in respect to commerce and navigation."

For the reasons stated in the *Petersen Case* and in this, it follows that the judgment must be and it is

*Affirmed.*

---

contained in this article shall in any manner derogate from the ordinances published in Sweden against emigrations, or which may hereafter be published, which shall remain in full force and vigour. The United States on their part, or any of them, shall be at liberty to make respecting this matter, such laws as they think proper."